United States District Court
Southern District of Texas
**ENTERED**
February 18, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VIETNAM LAND, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| JIMMY TRAN, | § | Civil Action No. H-14-957 |
| | § | |
|     Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| HOANG-YEN THI DANG, | § | |
| | § | |
|     Third-Party Defendant. | § | |

<u>**AMENDED MEMORANDUM AND RECOMMENDATION**</u>

Pending before the court[1] is Plaintiff Vietnam Land's Brief on Choice of Law (Doc. No. 97), Defendant Jimmy Tran's ("Tran") Brief on Choice of Law (Doc. 98), and Third-Party Defendant Hoang-Yen Thi Dang's ("Dang") Memorandum on Choice of Law (Doc. No. 99), as well as Tran's Motion for Summary Judgment (Doc. 74) and Dang's Motions to Dismiss and for Summary Judgment (Docs. 75, 76). The court has considered the motions, the responses, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that the law of the nation of Vietnam be applied to all claims in this case, that Tran's Motion for Summary Judgment be

---

[1]      This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  Docket Entry No. 28.

**GRANTED** and Dang's Motion to Dismiss and Motion for Summary Judgment be **DENIED.**

## I.  Case Background

Plaintiff Vietnam Land, an entity incorporated in Vietnam, filed this action in June 2012, alleging breach of contract, fraud, and other civil claims against Defendant Tran, its former president and a citizen of Texas, for actions he committed in Vietnam.[2]

On August 11, 2014, Tran filed a third-party complaint against Dang, his ex-wife and a citizen of Vietnam, alleging that she was the alter ego of Vietnam Land, that she was liable to him for breach of contract, civil conspiracy, and fraud and that he had the right to recover contribution for any damages awarded to Vietnam Land.[3]  Tran also filed a counterclaim against Vietnam Land.[4]

On May 4, 2015, Tran filed a motion for summary judgment.[5] Tran filed his motion based on Texas law, although he noted, without supporting citation, that Vietnam had a shorter statute of limitations for fraud claims.[6]

On May 8, 2015, Dang filed a motion to dismiss Tran's claims based on Federal Rules of Civil Procedure ("Rule") 8, 9(b), and

---

[2]  See Doc. 1, Pl.'s Compl.

[3]  See Doc. 67, Def.'s 1st Am. 3rd-Party Compl. & Countercl.

[4]  See id.

[5]  See Doc. 74, Def.'s Mot. for Summ. J.

[6]  See id. p. 2 n. 1.

12(b)(6) and simultaneously filed a motion for summary judgment based on res judicata and Texas statutes of limitations.[7]  Dang based her motion to dismiss in part on forum non conveniens and argued that Vietnamese law should be the choice of law for Tran's claims against her.[8]

The court scheduled a hearing on June 22, 2015, in part to determine what law should apply to the pending motions.[9] At the hearing, the court discussed choice of law issues and ordered the parties to submit briefing.[10]  Vietnam Land, Tran, and Dang filed briefs in conformity with the court's order.[11]

### III.  Analysis

#### A.  <u>Choice of Law</u>

Vietnam Land asserts that Texas law should apply to its claims against Tran.  Tran and Dang argue that the law of Vietnam should apply to Vietnam Land's claims against Tran and Tran's claims against Dang.

Vietnam Land argues that Texas law is appropriate because Tran resides in Texas.  Vietnam Land further argues that under the Hague

---

[7]     <u>See</u> Doc. 75, Def.'s Mot. to Dismiss 3rd-Party Compl.; Doc. 76, Def.'s Mot. for Summ. J.

[8]     <u>See</u> Doc. 75, Def.'s Mot. to Dismiss 3rd-Party Compl.

[9]     <u>See</u> Doc. 94, Min. Entry Order Dated Jun. 22, 2015.

[10]    <u>See</u> <u>id.</u>

[11]    <u>See</u> Doc. 97, Pl.'s Br. on Choice of Law; Doc. 98, Def.'s Br. per Ct. Instr. on Choice of Law; Doc. 99, Def.'s Mem. of Law on Choice of Law.

Convention applicable to contracts for international sales of goods, "the governing law is that of the country in which the seller's business is located."[12] Vietnam Land admits that the basis of the litigation most significantly occurred in Vietnam and that its claims do not involve the sale of goods, but states that the United States retains the ability to apply U.S. law to its nationals abroad, even in the absence of an extradition agreement.[13] Finally, Vietnam Land states that its civil claims against Tran generally invoke the Foreign Corrupt Practices Act ("FCPA"), a federal law that makes it illegal for U.S. citizens to make payments to foreign government officials.[14]

Tran applies the most significant relationship test to his choice of law analysis and argues that two of the parties are located in Vietnam and the injury and all complained of conduct relevant to Vietnam Land's claims against him and his claims against Dang took place in Vietnam.[15] Dang likewise argues that Vietnam has the most significant relationship to all of Tran's third-party claims against her and his counterclaims against

---

[12]   See Doc. 97, Pl.'s Br. on Choice of Law. p. 8.

[13]   See id. p. 10.

[14]   See id.

[15]   See Doc. 98, Def.'s Br. per Ct. Instr. on Choice of Law p. 6.

Vietnam Land.[16]  The court finds Tran and Dang's arguments to have merit.

When the laws of two or more states may apply to the various claims in a federal diversity action, the court must apply the choice of law rules of the forum state. <u>Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n</u>, 624 F.3d 185, 190 (5th Cir. 2010); <u>Mayo v. Hartford Life Ins. Co.</u>, 354 F.3d 400, 403 (5th Cir. 2004). Texas courts determine choice of law by determining which state has the "most significant relationship" to the parties and the allegations by using the test provided by Sections 6 and 145 of the Restatement (Second) of Conflict of Laws. <u>Torrington Co. v. Stutzman</u>, 46 S.W.3d 829, 848 (Tex. 2000); <u>Gutierrez v. Collins</u>, 583 S.W.2d 312, 318 (Tex. 1979).

The Restatement counsels that to determine which state possesses the most significant relationship, the court must consider: "(a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and; (d) the place where the relationship, if any, between the parties is centered." Restatement (Second) of Conflict of Laws § 145.  The court is to evaluate the above factors based on their relative importance with respect to issues before the court. <u>Spence v. Glock, Ges. m.b.H</u>, 227 F.3d 308, 312 (5th Cir.

---

[16]    <u>See</u> Doc. 99, Def.'s Mem. of Law on Choice of Law.

2000).  The court evaluates the contacts "for their quality, not their quantity."  <u>Mayo</u>, 354 F.3d at 405.

The Fifth Circuit has held that the location of an injury is an "important factor" in determining the appropriate law to apply. <u>Huddy v. Fruehauf Corp.</u>, 953 F.2d 955, 957 (5th Cir. 1992). According to the Restatement, "the applicable law will usually be the local law of the state where the injury occurred." Restatement (Second) of Conflict of Laws § 156(2).

Vietnam Land's live complaint states that Tran committed all the alleged conduct while living and working in Vietnam, after he was appointed president of Vietnam Land.[17]  Vietnam Land alleges that its board of directors confronted Tran about potential wrongdoing and that Tran fled Vietnam during the investigation.[18] Tran and Dang assert that the alleged wrongful actions, breached contracts, and injuries all occurred in Vietnam.  Vietnam Land's arguments regarding the applicability of Hague Convention are misplaced as Vietnam Land has alleged Tran breached an employment contract, not an international sales contract.  Further, Vietnam Land has brought civil claims; so, its arguments regarding extradition and the FCPA are irrelevant.

After considering all the factors, the court finds that Vietnam has the most significant relationship to Vietnam Land's

---

[17]    <u>See</u> Doc. 6, Pl.'s Am. Compl. p. 2.

[18]    <u>See</u> <u>id.</u>

claims and Tran's claims against Dang.  Vietnamese substantive law and federal procedural law therefore will apply to the claims in this suit.  See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).

**B.  Pending Dispositive Motions**

In its original memorandum, the court recommended that, because the parties' pending motions had been argued based on Texas law, the motions should be denied and refiled based on the Civil Code of Vietnam.  Tran and Dang objected to this recommendation. The court finds merit in those objections and issues the following amended recommendations.

**1.  Defendant Tran's Motion for Summary Judgment (Doc. 74)**

Tran argues that he is entitled to summary judgment on Vietnam Land's claims because it cannot bring forward admissible, competent evidence that he received any Vietnam Land funds to which he was not entitled.  Specifically, Tran claims that there is no evidence that he: (1) accepted bribes, kickbacks or embezzled Vietnam Land funds; (2) defrauded Vietnam Land; (3) entered into contracts with subcontractors and took deposits for his personal use; (4) conspired with others to enter into personal contracts that should be been corporate opportunities for Vietnam Land; and (5) received kickbacks from Chau Phat, Ltd..

In support, Tran offered his affidavit in which he avers that he has not stolen, converted, embezzled or taken money that he did not earn and did not take any property owned by Vietnam Land.  Tran

also stated that he has reviewed Vietnam Land's production of documents and that no admissible document exists that would support any of Vietnam Land's contentions that he misappropriated its funds or other property.

Specifically, Tran has stated under oath that he married Dang in 2007 in Houston, Texas.[19] At the time of the wedding, Dang's wealth was estimated at $500 million dollars, held mostly in shares of companies in Vietnam.[20] Dang and Tran returned to Vietnam in 2008.[21] Tran, at the direction of Dang, was designated the president of Vietnam Land.[22] Vietnam Land was wholly owned by Tan Tao Investment and Industry Corporation ("ITA").[23] According to Tran, Dang and her other companies owned sixty-six percent of ITA.[24]

Between October 2008 and April 2010, Tran states that he oversaw numerous major construction projects for Vietnam Land, including a power plant, an administration building for a university, several bridges and other projects approved by the government of Vietnam.[25] During his tenure at Vietnam Land, the

---

[19]   See Doc. 74-1, Decl. of Tran p. 1.

[20]   Id. pp. 1-2.

[21]   Id. p. 2.

[22]   Id.

[23]   Id.

[24]   Id.

[25]   Id. p. 3.

company employed approximately 150 employees.[26]  Although he was the president of Vietnam Land, Tran's ability to write a check on the Vietnam Land account based on his own decision-making was limited to $5,000; all other disbursements were prepared by the Vietnam Land accounting and auditing department, which was not supervised by Tran.[27]  Tran stated that in the ordinary course of business, a vendor would submit an invoice to Vietnam Land, and the work reflected on the invoice would be verified by the project's manager, a Tran subordinate.[28]  If the project manager concluded that the invoiced work was completed and payable, the invoice was routed to Tran, who passed it on to the accounting department which prepared a check and returned the check to Tran for signature.[29] Tran stated that Dang had a signature stamp with Tran's signature on it and kept it in her safe.[30]  That stamp remained in Vietnam with Dang after he returned to the United States.[31]

Tran averred that during his time in Vietnam, he did not ask for, or receive, any bribes or kickbacks, either personally or in his capacity as president of Vietnam Land.[32]  Tran averred that he

---

[26]     Id.

[27]     Id.

[28]     Id. p. 4.

[29]     Id.

[30]     Id.

[31]     Id.

[32]     Id. p. 5.

never embezzled funds from Vietnam Land or colluded with anyone to cause financial harm to any person or entity.[33]  Tran also stated under oath that he never misrepresented material facts to Dang, Vietnam Land or any other entity.[34]

Tran also denied under oath that he formed a company, Chau Phat, Ltd., with Kimchau Thi Le, and also denied that he asked builders, contractors or customers to sign contracts with Chau Phat, Ltd., instead of Vietnam Land.[35]  Tran denied receiving kickbacks or other compensation from either Chau Phat, Ltd., or any other person or entity.[36]  Tran averred that he was not fully paid his monthly salary by Vietnam Land.[37]  In April 2010, Dang discharged Tran from his position at Vietnam Land.[38]  In July 2010, he returned to Houston, Texas.[39]

In response to Tran's motion, Vietnam Land argues that Tran's affidavit is "rife with inadmissible, inaccurate or untruthful statements" and was filed in bad faith.[40]  Vietnam Land moves that portions of the affidavit be stricken on the grounds that they are

---

[33]    Id.

[34]    Id.

[35]    Id.

[36]    Id.

[37]    Id. p. 6.

[38]    Id.

[39]    Id.

[40]    See Doc. 88, Pl.'s Resp. to Def. Tran's Mot. for Summ. J. p. 2.

either untruthful or constitute hearsay evidence of Dang's alleged statements to Tran.

Vietnam Land's objections to the truthfulness of Tran's affidavit are misplaced.  If it wishes to controvert Tran's affidavit, it must file sworn admissible testimony that does so. Merely complaining that Tran's affidavit is untruthful is not grounds to strike an affidavit and Vietnam Land's motion to strike Tran's affidavit on that basis is overruled.

Likewise, in the absence of sworn testimony controverting Dang's alleged controlling interest in Vietnam Land, Tran's sworn testimony that Dang had a controlling interest in Vietnam Land is the only admissible evidence on the point.  Thus, Dang's statements are admissible by virtue of Fed. R. Evid. 801(d)(2).  However, because the court does not rely on any statement attributed to Dang by Tran, Vietnam Land's objection is overruled.

Rule 56(a) states, "The court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."

Rule 56(e) provides:

If a party fails to . . . properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for the purposes of the motion;

(3) grant summary judgment if the motion and supporting materials - including the facts considered undisputed - show that the movant is entitled to it; or

(4) issue any other appropriate order.

In the present case, Vietnam Land failed to rebut Tran's exculpatory statements, and the court considers them unrebutted for purposes of the motion.   Tran argues in his objections to the court's prior memorandum that, regardless of the specifics of the law of Vietnam, his denials of wrongdoing entitle him to summary judgment.   The court must agree.

Here, Vietnam Land claims that Tran embezzled, converted, stole or otherwise alienated its property.   It really does not matter what the exact elements of such claims would be under Vietnam law, because the key element is the misappropriation of property, a tangible act.   In light of Tran's unrebutted denial that he took any such action, Vietnam Land has not raised a fact issue that Tran potentially violated a law or other legal duty. Similarly, Tran's denial that he misrepresented any fact, accepted bribes or kickbacks, or usurped a corporate opportunity of Vietnam Land stands unrebutted, and Vietnam Land has failed to raise a fact issue that Tran took such actions.

Clearly, this is an unusual case, but Vietnam Land cannot insist that it is entitled to a trial when it has not met its summary judgment burden to raise a triable issue of fact.   It is

therefore recommended that Tran's motion for summary judgment be granted.

**2.   Third-Party Defendant Dang's Motion to Dismiss (Doc. 75)**

On October 7, 2014, Dang waived service of process and, on November 6, 2014, filed an answer and a motion to dismiss.[41]  In her motion to dismiss, Dang argued that the court lacked diversity jurisdiction because, on the date the Third Party Complaint was filed, she and Tran were residents of the State of Texas.[42]  The court denied Dang's motion.[43]

On May 5, 2015, Dang filed the present motion to dismiss, arguing that Tran's claims should be dismissed pursuant to the forum non conveniens doctrine and refiled in Vietnam and, alternatively, that Tran's claims should be dismissed pursuant to Rule 12(b)(6) for Tran's failure to adequately plead a fraud cause of action under Rule 9(b) or to state claims for relief under Rule 8.   In response, Tran argues that Rule 12(g)(2) precludes successive Rule 12 motions.

Rule 12(g)(2) provides:

> Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was

---

[41]   See Doc. 44, Waiver of Service; Doc. 45, Dang's Mot. to Dismiss; Doc. 46, Dang's Answer.

[42]   Doc. 45, Dang's Mot. to Dismiss p. 2.

[43]   See Doc. 72, Mem. & Recommendation.; Doc. 77, Order Adopting Mem. & Recommendation.

> available to the party but omitted from its
> earlier motion.

On November 6, 2014, Dang filed her first motion to dismiss based on lack of subject matter jurisdiction. On May 8, 2015, Dang filed a second motion to dismiss raising forum non conveniens, failure to plead fraud with specificity and failure to state a claim for relief.

Rule 12(h)(1) provides that "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)." The Fifth Circuit Court of Appeals has characterized motions raising forum non conveniens grounds as being brought pursuant to Rule 12(b)(3). See <u>Albany Ins. Co. v. Almacenadora Somex, S.A.</u>, 5 F.3d 907, 909 (5th Cir. 1993). In <u>Albany Insurance Company</u>, each of the defendants raised an improper venue defense in their first motion to dismiss and enforcement of a forum selection clause in their second motion to dismiss. <u>Id.</u> The district court denied the first round of motions but granted the second. <u>Id.</u> On appeal, the defendants attempted to characterize the forum-selection clause defense as a factor in their first-raised non conveniens defense. <u>Id.</u> at 910. Reasoning that the motions raised independent grounds for dismissal, the appellate court found that the second motion to dismiss was barred

by Rule 12(g), and reversed the district court's dismissal based on the forum selection clause.[44]   Id.

Dang's motion to dismiss based on forum non conveniens is properly characterized as a motion filed pursuant to Rule 12(b)(3) and could have been raised in her first motion to dismiss.  Thus, Dang's pending motion to dismiss is barred as successive unless permitted under Rule 12(h)(2) or (3).

Rule 12(h)(3) permits the court to dismiss an action at any time it determines it lacks subject matter jurisdiction; it is not applicable to the present motion.  Rule 12(h)(2) permits a party to raise a "[f]ailure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim," in a pleading allowed by Rule 7(a), by motion under Rule 12(c), or at trial.  Rule 12(h)(2) offers Dang no escape from the Rule 12(g)(2) bar on her forum non conveniens argument because (1) it does not apply to Rule 12(b)(3) defenses, and (2) the present motion was not filed in a pleading allowed by Rule 7(a), was not filed under Rule 12(c), and was not made at trial.

---

[44]     The court also rejected a related argument that, because each of the defendants' second motion to dismiss was filed within twenty days from service of their first motion, it was an amendment to an existing pleading under Rule 15(a) and therefore timely.  The court determined that a motion was not a pleading under Rule 15(a) that may be amended without leave of court, because, under Rule 7(a), the only permissible pleadings in federal practice were a complaint, an answer, a reply to a counterclaim, an answer to a crossclaim, a third-party complaint, a third-party answer and, if ordered by the court, a reply to an answer or third-party answer.  Albany Ins. Co., 5 F.3d at 909.

Although Dang may raise a successive Rule 12(b)(6) motion, the court finds no merit in her motion to dismiss, raised after discovery ended, that Tran's Third-Party Complaint failed to state a claim against her or failed to adequately allege fraud.

It is therefore recommended that Dang's Motion to Dismiss (Doc. 75) be denied.

**3.   Third-Party Defendant Dang's Motion for Summary Judgment (Doc. 76)**

Dang raises two arguments in her motion for summary judgment: res judicata and limitations.

**a.   Res judicata**

In the present suit, Tran filed a third-party action against Dang, seeking a declaration that Dang is the alter ego of Vietnam Land and that she caused Vietnam Land to perpetrate a fraud on him for Dang's personal benefit.[45]   Tran also sued Dang for breach of contract, claiming that she and Vietnam Land agreed to pay him 10,000 shares of ITA stock per month during his tenure as president of Vietnam Land.  Finally, Tran sued Dang for civil conspiracy with Vietnam Land to violate his legal rights.[46]

These claims were later amended to include the following additional allegations: (1) that Tran, as Dang's agent, cannot be held personally liable for actions she directed him to take; (2)

---

[45]   Doc. 41, Tran's 1st 3rd-Party Compl. pp. 5-6.

[46]   Id. p. 6.

that Dang, as Tran's then-spouse, owed Tran a spousal duty similar to a fiduciary duty; (3) that Dang owed Tran a fiduciary duty based on their marital relationship; (4) that Dang failed to disclose certain of her business dealings to Tran and placed her interests above Tran's; and (5) that, if Tran was found liable to Vietnam Land, Dang owed Tran contribution for any damages assessed because it was at her direction that he took any action.[47]

Dang argues that Tran could have presented these claims in their divorce proceeding and, because he did not, he is barred from raising the claims in the present suit.  In support, Dang attaches Tran's Fifth Amended Petition for Divorce,[48] Tran's First Supplement to Fifth Amended Petition for Divorce,[49] Tran's Second Supplement to Fifth Amended Petition for Divorce,[50] Tran's Sixth Amended Petition for Divorce,[51] and the court's Final Decree of Divorce.[52]

The Fifth Amended Petition for Divorce alleged that Dang expended community funds to purchase assets and make capital improvements to her separate property for which Tran sought damages for breach of fiduciary duty and a constructive trust.[53]  Tran also

---

[47]   Doc. 65, Tran's 1st Am. 3rd-Party Compl. & Countercl. pp. 5-11.

[48]   See Doc. 76-1, Tran's 5th Am. Pet. for Divorce.

[49]   See Doc. 76-2, Tran's 1st Supp. to 5th Am. Pet. for Divorce.

[50]   See Doc. 76-3, Tran's 2nd Supp. to 5th Am. Pet. for Divorce.

[51]   See Doc. 76-4, Tran's 6th Am. Pet. for Divorce.

[52]   See Doc. 76-5, Tran's Final Decree of Divorce.

[53]   See Doc. 76-1, Tran's 5th Am. Pet. for Divorce p. 7.

sued Tan Duc Construction Limited Company and Helen Ngo for receiving fraudulent transfers of community-owned real property located at 11,440 Memorial Drive, Houston, Texas, community-owned real property located in the Venus Park Subdivision in Harris County, Texas, interests in U.S. Southern Corporation, and a community-owned vehicle.[54]

In Tran's Second Supplement to his Fifth Amended Petition for Divorce, he added claims against Dang for breach of a premarital agreement and for exemplary damages.[55]   Tran's Sixth Amended Petition attempted to add claims against Dang for fraudulent concealment of her ownership and control of Tan Duc Vietnam, transfers of jointly owned property, defaults on real property interests, fraudulent misrepresentations of transfers of real property, and a failure to convey shares in ITA to Tran as promised.[56]   Tran also alleged that Dang obtained a fraudulent divorce in Vietnam and defrauded him of property located there by forging his signature.   Tran was denied leave to file the Sixth Amended Petition and a later Seventh Amended Petition.[57]

After trial and a jury verdict, the Final Decree of Divorce was entered and found that: (1) there was no agreement between Dang

---

[54]   Id. pp. 7-8.

[55]   See Doc. 76-3, Tran's 2nd Supp. to 5th Am. Pet. for Divorce pp. 1-2.

[56]   See Doc. 76-4, Tran's 6th Am. Pet. for Divorce pp. 4-11.

[57]   See Doc. 85-4 Ord. Striking 6th Am. Pet. for Divorce; Doc. 85-8, Ord. on Co-Respondent Tan Duc USA's Motion to Strike Pet.'s 7th Am. Pet.

and Tran to convey to Tran an interest in Tan Duc USA in exchange for his deeding his twenty-five percent interest in the Memorial Drive property to Dang; (2) Dang did not fail to comply with a certain provision of the premarital agreement regarding a settlement of assets in the amount of $1,000,000 to Tran; (3) Dang committed fraud in the amount of $650,000 against Tran with respect to the property located on Memorial Drive, but that Tan Duc USA was not liable to Tran for fraud; (4) the fraud committed by Dang was supported by clear and convincing evidence; (5) no fault grounds existed for the divorce; and (6) Dang was assessed $50,000 in exemplary damages.  The decree also split certain marital property and confirmed the ownership of separate property.[58]  That final judgment is presently on appeal by both Dang and Tran.

Ensuring the finality of judicial decisions, the doctrine of res judicata holds that a judgment rendered by a court of competent jurisdiction bars a plaintiff from seeking further relief on the same claims.  Brown v. Felsen, 442 U.S. 127, 131 (1979)(superseded on other grounds by the Bankruptcy Code); Medina v. Immigration & Naturalization Serv., 993 F.2d 499, 503 (5th Cir. 1993).  A plaintiff is prevented from bringing a second suit based on the same set of facts, even if he asserts new grounds for recovery. Brown, 442 U.S. at 131.  This bar prevents relitigation of "all claims that were or *could have been* advanced in support of the

---

[58]     See Doc. 76-5, Final Decree of Divorce pp. 2-15.

cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated." <u>Uithoven v. U.S. Army Corps of Eng'rs</u>, 884 F.2d 844, 847 (5th Cir. 1989)(quoting <u>Nilsen v. City of Moss Point, Miss.</u>, 701 F.2d 556, 560 (5th Cir. 1983)).

Whether res judicata applies is a question of law. <u>Test Masters Educ. Servs., Inc. v. Singh</u>, 428 F.3d 559, 571 (5th Cir. 2005). Res judicata precludes a later action when: 1) "the parties are identical or in privity;" 2) a court of competent jurisdiction rendered the judgment in the prior suit; 3) the prior court issued final judgment on the merits; and 4) "the same claim or cause of action was involved in both actions." <u>Id.</u> A federal court must give a state court judgment the same preclusive effect as would be given that judgment under the law of the state where the judgment was rendered. <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 75, 81 (1984).

Here, the first three elements are undisputed: Tran and Dang were involved in the prior divorce suit; the state court had jurisdiction to render its judgment of divorce; and the state court issued a final judgment on the merits.[59]

The court determines whether the fourth element of res judicata is met by applying the transactional test, which focuses

---

[59]    Although the final judgment is on appeal, because Dang's argument centers on the "could have been filed" aspect of the res judicata bar, the court finds that the fourth prong of the <u>Test Masters Education Services, Inc.</u> elements would control the outcome of its analysis regardless of the finality of the final judgment.

on whether the two cases under consideration are based on "the same nucleus of operative facts." United States v. Davenport, 484 F.3d 321, 326 (5th Cir. 2007); Test Masters Educ. Servs., Inc., 428 F.3d at 571. "The nucleus of operative facts, rather than the type of relief requested, substantive theories advanced, or types of rights asserted, defines the claim." Davenport, 484 F.3d at 326. "If the cases are based on the same nucleus of operative facts, the prior judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." Id. (quoting Petro-Hunt, L.L.C. v. United States, 365 F.3d 385, 396 (5th Cir. 2004))(internal quotation marks omitted).

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Test Masters Educ. Servs., Inc., 428 F.3d at 571 (citing Petro-Hunt, L.L.C., 365 F.3d at 395-96).  The court cannot be distracted by the identified causes of action but must remain focused on whether the lawsuits are based on the same facts.  See Test Masters Educ. Servs., Inc., 428 F.3d at 571.

A review of the documents submitted by Dang shows that the parties litigated the alleged fraudulent transfers of certain real property located in Harris County, Texas, and whether Dang made certain promises to Tran that were fraudulent arising out of the transfers of the same real estate.[60]  Tran's claim that Tan Duc USA was liable for the same fraud was rejected by the jury.[61]

Although Dang argues that Tran's present claims could have been litigated in the divorce proceedings, Tran has produced several state court pleadings showing that Tran attempted to expand the fraud allegations made in the divorce action by filing amended petitions, which were opposed by either Dang or her co-respondent, Tan Duc USA.  Those proposed amendments were opposed as untimely.[62]  Thus, it is not clear whether those claims would have been permitted if they had been timely brought.

Based on the limited information submitted by the parties, it appears that the focus of the divorce trial was the alleged fraudulent transfer of real property located in Harris County, Texas, certain related promises made to Tran by Dang related to those properties and whether Tan Duc USA was liable for Dang's actions.  The live pleading on which the parties went to trial did not mention Vietnam Land, Tran's conduct in running that company or

---

[60]    See Doc. 76-5, Final Decree of Divorce pp. 2-6.

[61]    Id. pp. 3, 5.

[62]    See Doc. 76-4, Tran's 6th Am. Pet. for Divorce p. 5; Doc. 85-4 Ord. Striking 6th Am. Pet. for Divorce.

how Vietnam Land suffered damages as a result of Tran's conduct. That conduct is factually unrelated to whether certain real property in Harris County was fraudulently transferred by Dang to others.  The court concludes that Tran's conduct as president of Vietnam Land and whether Dang should indemnify Tran for actions he took at her direction were not part of a series of transactions related to the claims litigated in the divorce proceeding.  See Test Masters Educ. Servs., Inc., 428 F.3d at 571.

Dang has failed to meet her burden of showing that the present allegations could have been litigated in the divorce proceedings. It is recommended that Dang's motion on the issue of res judicata be denied.

**b.  Limitations**

Tran filed the present third-party claim against Dang on August 11, 2014.  Dang has moved for summary judgment on all claims, arguing that Tran's claims are time-barred as they were brought more than four years after they accrued.  Dang assumes that all claims accrued before August 4, 2010, when Tran returned to the United States and sued Dang for divorce.[63]

In response, Tran alleges that the applicable limitations periods were tolled because Dang was living in Vietnam until May 2011 based on media reports of her removal as a representative of

---

[63]     Doc. 76, Dang's Mot. for Summ. J., p. 6.

the Congress of Vietnam at that time.[64]   Tran avers that Dang was seen in Houston in the fall of 2011, presumably commencing the applicable limitations period.[65]   Alternatively, Tran alleges that because of Dang's fiduciary relationship with him, the facts underlying his claims were inherently undiscoverable.

As discussed earlier, "The general rule is that a federal court applies the choice of law rules of the state in which it sits." Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n, 624 F.3d 185, 190 (5th Cir. 2010); Mayo v. Hartford Life Ins. Co., 354 F.3d 400, 403 (5th Cir. 2004).   Generally, Texas appellate courts hold that statutes of limitations are procedural and therefore Texas law controls.   See Woolley v. Clifford Chance Rogers & Wells, L.L.P., No. Civ. A. 3:01-CV-2185, 2004 WL 57215 (N.D. Tex. Jan. 5, 2004)(citing Hill v. Perel, 923 S.W.2d 636, 639 (Tex. App. 1995, no writ); Hollander v. Capon, 853 S.W.2d 723, 727 (Tex. App. 1993, writ denied); Los Angeles Airways, Inc. v. Lummis, 603 S.W.2d 246, 248 (Tex. App. 1980)).   However, Texas courts have noted that when the statute that created the right of action incorporates an express limitation upon the period within which the suit could be brought, the limitations period is considered substantive.   Hill v. Perel, 923 S.W.2d at 639 (citing Culpepper v.

---

[64]    Doc. 85-1, Suppl. Decl. of Tran p. 1.

[65]    Id. p. 2.

Daniel Indus., Inc., 500 S.W.2d 958, 959 (Tex. App. – Houston [1st Dist.] 1973, writ ref'd n.r.e.)).

In Intevep, S.A. Research and Technological Support Establishment v. Sena, 41 S.W.3d 391, 394 (Tex. App. – Dallas 2001), the court considered whether the breach of contract claim was governed by the Venezuelan one-year statute of limitations or the Texas four-year statute of limitations. Id. Acknowledging the rule that limitations issues are generally procedural, the court found that, when the statute that created a right of action incorporates an express limitations period, the limitations period is deemed substantive. Id. (citing Eurocapital Grp., Ltd. v. Goldman Sachs & Co., 17 S.W.3d 426, 431 (Tex. App. – Houston [1st Dist.] 2000, no pet.). The court found that the Venezuelan statute that authorized the cause of action incorporated an express limitation on the time within which suit could be brought, the limitations period was substantive, and Venezuelan law applied. Id. at 396.

In the present case, the court has determined that the law of Vietnam applies. Tran has not yet outlined his claims under the law of Vietnam and Dang has not shown that the substantive law in issue did not explicitly provide for a limitations period. Therefore, the court is not in a position to determine if Tran's claims arise under a statute that incorporates a prescriptive period that could be deemed substantive.

25

In the absence of adequate briefing on this issue, the court recommends that Dang's motion for summary judgment on the issue of limitations be denied.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that the law of the nation of Vietnam be applied to all claims, that Tran's Motion for Summary Judgment be **GRANTED** and Dang's Motions to Dismiss and for Summary Judgment be **DENIED.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have ten days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.   Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 18th day of February, 2016.

U.S. MAGISTRATE JUDGE